IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARLENE GIBSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 06-CV-971-WDS |
| ) | |
| RETIREMENT PLAN FOR HOURLY ) | |
| EMPLOYEES OF PERSONAL PRODUCTS ) | |
| COMPANY REPRESENTED BY THE ) | |
| UNITED FOOD AND COMMERCIAL ) | |
| WORKERS INTERNATIONAL UNION ) | |
| AFL-CIO, CLC LOCAL 555T, ) | |
| ) | |
|     Defendant. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion for judgment on the administrative record (Doc. 15) to which plaintiff has filed a cross-motion for judgment on the administrative record (Doc. 22). The plaintiff has filed a response to defendant's motion (Doc. 23) and defendant has filed an opposition to plaintiff's cross motion (Doc. 26) and a reply to plaintiff's response (Doc. 25).

## BACKGROUND

Plaintiff brought this action under 29 U.S.C. §§ 1132(a), (e), (f), and (g) of the Employee Retirement Income Security Act of 1974 ("ERISA") involving employee benefit plan. Plaintiff was a former employee of Johnson & Johnson Personal Products Company, a subsidiary of Johnson & Johnson, and, by virtue of that employment, a beneficiary under the Retirement Plan For Hourly Employees of Personal Products Company Represented by The United Food and Commercial Workers International Union, A.F.L.-C.I.O., C.L.C. Local 555T ("Plan"). Plaintiff was entitled to benefits pursuant to conditions of the Plan maintained by Johnson & Johnson as

the Plan Administrators.   Around November 14, 1990, plaintiff developed back problems and commenced receiving Disability Income Retirement (DIR) benefits under the Plan, which she received  from November of 1990 to March 10, 2006.

Plaintiff had several doctors review her medical condition to determine if she was totally disabled, and therefore entitled to receive benefits under the Plan.  Those doctors had differing opinions.  At least three of plaintiff's treating physicians including Dr. Greenwald,  Dr. Dworsky, and Dr. Korte at different times, determined that plaintiff was and remained permanently disabled.  (Admin. Rec. 145, 164)  In particular, Dr. Korte prior to May 2003, stated that plaintiff was disabled from any occupation and was incapable of performing sedentary work.  (Admin. Rec. 164).  In August of 2004, Dr. Wendy Weinstein, a physician chosen to evaluate plaintiff by defendant's third party administrator to evaluate plaintiff,  found that plaintiff was not totally disabled.  In December of 2005, Dr. Gocio determined that plaintiff was only partially disabled and could do work on a limited basis.

In an independent medical evaluation (IME) conducted in October 2004, Dr. Guyton was of the opinion that plaintiff is "not totally disabled but significantly partially disabled, capable of working on a very limited capacity … [and would] have significant problem finding a job." (Admin. Rec. 202).   In a subsequent IME conducted by the Plan's physician, Dr. Gocio on December 20, 2005, Dr. Gocio concluded that plaintiff was capable of performing satisfactorily in a sedentary job for eight-hour work day without significant difficulty.  Based on Dr. Gocio's opinion, plaintiff's disability benefits were terminated on March 10, 2006.

Plaintiff then appealed the decision and the parties, pursuant to the Plan language[1], chose a "third doctor," to evaluate plaintiff. That doctor, Dr. Lori Guyton, then prepared a second report in May of 2006, and found "it is still my professional opinion that Ms. Gibson is not totally disabled, but remains partially disabled, capable of working on a very limited basis." Based on this finding, plaintiff's benefits were terminated as of March, 2006.[2] (Admin. Rec. 296).

The crux of the issue raised in these cross motion for judgment on the record is whether plaintiff was entitled to continue to receive benefits from the defendant in light of the fact that although Dr. Guyton had found plaintiff to be only partially disabled, the defendant continued to pay plaintiff's disability benefits for an additional year and a half. The defendant notes that Dr. Gutyon did not issue her first opinion as the jointly selected "third doctor" until her second opinion and therefore, the first opinion was not binding. Moreover, the defendant asserts the fact that it continued to pay benefits after Dr. Guyton's first report did not establish an entitlement in the plaintiff that she would continue to receive benefits under the Plan.

---

[1]The plan provides at § 4.04(f) as follows:

(f) If, on the basis of a medical examination, it is found that an Employee is not, or is no longer disabled within the meaning of this Plan, and the Employee disagrees with the doctor's findings, the Member may invoke the following procedures:
(I) the Member may, at his or her own expense, be examined by a licensed medical doctor and report the findings to the Employer.
(ii) if both doctors agree that the Member is not disabled within the meaning of this Plan, then no Disability Income will be paid.
(iii) if the doctors do not agree, they will jointly appoint a third doctor who is admitted to practice in a recognized hospital. The third doctor's decision as to disability is binding on all the parties.

[2]The effective date pre-dated the final evaluation by Dr. Guyton.

**STANDARD OF REVIEW**

In actions challenging denials of benefits under 29 USC § 1132(a)(1)(B), a district court reviews decisions of plan administrators de novo, except when the plan gives the administrator discretion to interpret plan terms or otherwise to determine benefits eligibility. *Ruttenberg v. United States Life Ins. Co.*, 413 F.3d 652, 658 (7th Cir. 2005). When the plan administrator is given broad discretion to interpret the plan and determine benefit eligibility under the terms of an employee benefit plan, the administrator's benefit decisions are reviewed under the arbitrary and capricious standard. *Dougherty v. Ind. Bell Tel. Co*., 440 F.3d 910, 915 (7th Cir. 2006) (citing *Sisto v. Ameritech Sickness & Accident Disability Benefit Plan*, 429 F.3d 698, 700 (7th Cir. 2005)*.*

Based on such standard, this Court may uphold the decision of the administrator as long as there is "rational support in the record." *Dougherty*, 440 F.3d at 917 (*See Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 409 (7th Cir. 2004)).

**1.      Arbitrary and Capricious Standard**

Courts look to language of plan to determine whether the administrator has discretionary authority. *Sanders v. Unum Life Ins. Co. of Am.,* 346 F. Supp 2d 955 (N.D. Ill 2004). In this case, the Plan specifically provides that "the Designated Administrator has exclusive authority to decide claims under the Plan and the Benefit Committee has exclusive authority to review and resolve any appeal of a denied claim." (Admin. Rec. 44) Accordingly, because, the Plan Administrator is given broad discretion to interpret the Plan and determine benefit eligibility under the terms of an employee benefit plan, the Administrator's benefit decisions are reviewed under the arbitrary and capricious standard.

Therefore, the Court must determine whether the Administrator's termination of plaintiff's benefits has rational basis for its decision and is supported by the Administrative Record. Further, in reviewing the Administrator's decision, this Court is limited to consideration of information actually considered by Administrator. *Killian v. Healthsouce Provident Adm'rs,* 152 F.3d 514 (6th Cir. 1998).

The Plan stipulates that in order to be entitled to Disability Retirement Income ("DIR") benefits, the employee must be "Totally and Permanently Disabled." (Admin. Rec. 24-26) The Plan sets forth guidelines to be implemented in the event there is a disagreement between the beneficiary and the administrator with respect to determining the qualification of the disability benefits under §4.04(f). (Admin. Rec. 26). Specifically, the Plan provides that in the event of disagreement, the parties will select a "third doctor" whose determination will be binding on both parties. *Id.*

Pursuant to §4.04(f), the parties selected Dr. Lori Guyton to be the third doctor. (Admin. 311 and 516). Dr. Guyton conducted an IME on May 2, 2006, confirming the result of the earlier evaluation of Plaintiff. (Admin. Rec. 296). Dr. Guyton again concluded that Plaintiff was not totally disabled but partially disabled. (Admin. Rec. 202).

The IME of May 2, 2006, therefore, disqualified Plaintiff for DIR benefits under the Plan. Accordingly, the findings of the IME, combined with the express written terms of the Plan which are binding, make the decision of the Administrator to terminate Plaintiff's DIR benefits neither arbitrary nor capricious. It is clear from the record that Dr. Guyton, in her first IME of plaintiff in October 2004, indicated partial disability of plaintiff. (Admin. Rec. 234-36). While plaintiff's treating physicians hold contrary opinions with respect to the degree of

plaintiff's disability, the Plan sets forth guidelines for resolving such disagreement under §4.04(f).  Once those provisions were implemented, the result of the evaluation given by Dr. Guyton on May 2, 2006 became the only relevant medical determination governing whether plaintiff could continue to receive benefits under the Plan.  The Plan's language clearly gives discretion to the Plan Administrator to determine benefits.  Therefore, the decision to deny disability benefits to participant was not arbitrary and capricious based on the record because plaintiff did not meet qualifying factors outlined in the Plan.

**2.     Estoppel**

Plaintiff asserts that the defendant, by paying benefits, is now estopped from ceasing to pay them.   An estoppel claim under ERISA requires showing of "(1) a knowing misrepresentation; (2) that was made in writing; (3) with reasonable reliance on that misrepresentation by them; (4) to their detriment."  *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 636 (7th Cir. 2004); *Coker v. TWA*, 165 F.3d 579 (7th Cir. 1999).  When plan documents are ambiguous or misleading, oral representations as to the meaning of the documents may be relevant. *Bowerman v. Wal-Mart Stores*, 226 F.3d 574, 588 (7th Cir. 2000).

It is well settled that, "statements by plan administrators, side agreements and understandings, or even special offers made to many of a firm's employees, do not change the contents of the plan applicable to other employees." *Sandstrom v. Cultor Food Sci., Inc.*, 214 F.3d 795, 797 (7th Cir. 2000); (*See, e.g.*, *Central States Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148 (7th Cir. 1989) (en banc); *Frahm v. Equitable Life Assurance Society*, 137 F.3d 955, 960 (7th Cir. 1998); *Central States Pension Fund v. Joe McClelland, Inc.*, 23 F.3d 1256 (7th Cir. 1994)).  Moreover, conduct by bureaucrats implementing a plan do not act to

estop the employer from enforcing the plan's written terms. (*See, e.g.*, *Shields v. Teamsters Pension Plan*, 188 F.3d 895 (7th Cir. 1999); *Plumb v. Fluid Pump Service, Inc.*, 124 F.3d 849, 856 (7th Cir. 1997); *Schoonmaker v. Employee Savings Plan of Amoco Corp.*, 987 F.2d 410 (7th Cir. 1993)).

Plaintiff's argument of estoppel simply is not supported by the record. Plaintiff fails to set forth any evidence of any knowing misrepresentation that was made in writing by defendant. Although the Administrator continued to pay DIR benefits to plaintiff even after Dr. Guyton's first IME in October 2004 finding plaintiff partially disabled, such conduct, standing alone, does not rise to the level of misrepresentation by any measure.

What governs in the claim of estoppel are the written terms of the Plan. Evidence of prior payment cannot overcome nor modify the written terms of the Plan, i.e., that the beneficiary has to be "Totally and Permanently Disabled" to qualify for DIR benefits and that the opinion of the *jointly selected third doctor* in the case of disagreement is binding. These provisions of the Plan are expressly set forth and are without ambiguity. Accordingly, Plaintiff's claim based on estoppel is without merit.

## **CONCLUSION**

Accordingly, the Court **GRANTS** defendant's motion for judgment on the administrative record and **DENIES** plaintiff's cross motion. Judgment is entered in favor of defendant, Employment Plan for Hourly Employees of Personal Products Company Represented by the United Food and Commercial Workers International Union, AFL-CIO, CLC Local 555T and against plaintiff, Arlene Gibson, on all claims.

The Clerk of the Court is **DIRECTED** to enter judgment accordingly. Each party shall

bear its own costs.


**IT IS SO ORDERED.**


**DATE:         September 26, 2007**


              **s/ WILLIAM D. STIEHL**
                **DISTRICT JUDGE**